■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH BATOR, Appellant.— The judgment of conviction is affirmed. It would serve no purpose to recount the details of this shocking murder of two persons and the shooting of two others which fortunately did not result in death. As regards the issue of insanity, while it does require proof beyond a reasonable doubt that the defendant was sane, it need not be established that the defendant at the time was well balanced emotionally or psychically. While evidence of defendant's condition at times before or after the time of the commission of the crime is admissible, it is not conclusive. Here there was no proof that at any time the defendant did not know the nature and quality of his acts and that they were wrong. The finding that for a period he was unable to co-operate in his defense is not such a finding. Such a finding refers to mental strength and can exist despite the presence of the degree of health necessary to invoke responsibility. Furthermore, establishing the defendant's condition following the realization of the enormity of his acts is far from establishing his condition at the time of his acts. The prosecution's evidence as to sanity was competent and could have been found to establish the requisite degree of mental capacity beyond a reasonable doubt. Its weight was for the jury. Concur — Tilzer, J. P., McGivern, Markewich and Steuer, JJ.; McNally, J., dissents in the following memorandum: I dissent and vote to reverse on the ground that the People failed to establish beyond a reasonable doubt that appellant was criminally liable for his conduct at the time of the commission of the crimes. The defense of insanity having been raised, the People had the burden of proving beyond a reasonable doubt that the accused knew the nature and quality of his acts and that they were wrong. (People v. Kelly, 302 N. Y. 512, 515.) The tragic nature of the crimes and appellant's attempt to take his own life were indicative of at least mental unbalance. The findings by the examining psychiatrists at Bellevue Hospital on January 21, 1963, three months after the tragedy, that appellant was in such a state of insanity as to be incapable of standing trial, was further proof of his lack of criminal responsibility on October 22, 1962 at the time of the commission of the crimes. (People v. Esposito, 287 N. Y. 389, 396.) Defendant offered proof by stipulation that Eduardo Gonzalez, one of the persons shot by defendant, if present would testify that appellant's acts were not those of a rational man. In the light of the proof of criminal responsibility offered, in my opinion it cannot be said that the People sustained their burden. The principal evidence offered by the People on defendant's sanity was the expert opinion of a psychiatrist. The record is totally devoid of any indication that he ever examined or tested appellant concerning hallucinations, imaginary perceptions of sense, delusions, disorientation, his contact in relation to orientation, or whether he could relate to people in his environment. The record is silent on the basis for the opinion of the psychiatrist other than the most perfunctory and cursory questions.

There is no factual data concerning defendant's background, his family situation, his relations with others, or earlier manifestations of mental disorder. In my opinion the indictment should have been dismissed at the close of the proof. The testimony of the physician who took the history of defendant when he was admitted to Morrisania Hospital and the registered nurse who attended him while in an intensive care unit for the self-inflicted wounds as to their observations and some conversations with defendant were, in my opinion, privileged information and inadmissible as a violation of the physician-patient privilege. (*People* v. *Decina,* 2 N Y 2d 133, 142–3; 5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 4504.08.) In the event I did not vote to dismiss the indictment I would vote to reverse the judgment and grant a new trial in the interests of justice on the basis that the admission of this testimony was fundamentally prejudicial, even though no proper objection was made.